UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE: REQUEST FOR INTERNATIONAL
JUDICIAL ASSISTANCE FROM THE
HORDALAND  DISTRICT COURT
HORDALAND, NORWAY   IN THE MATTER
OF ANNA ROMER ORMHAUG,  ET. AL. V.
ARTIN SINANAJ

No. 26 Misc. 387

M 93

## MEMORANDUM OF LAW IN SUPPORT OF *EX PARTE* APPLICATION FOR ORDER PURSUANT TO 28 U.S.C. § 1782(a)

The United States of America, by its attorney, James M. McDonald, United States

Attorney for the Southern District of New York, respectfully submits this Memorandum of Law

in support of the *Ex Parte* Application for Order,[1] pursuant to 28 U.S.C. § 1782(a), to execute a

Letter of Request from authorities in Hordaland, Norway for international judicial assistance to

obtain a DNA sample from Artin Sinanaj.

## INTRODUCTION

### I.   REQUEST FOR JUDICIAL ASSISTANCE FROM THE HORDALAND

---

[1] *Gushlak v. Gushlak*, 486 F. App'x 215, 217 (2d Cir. 2012) ("It is neither uncommon nor improper for district courts to grant applications made pursuant to § 1782 *ex parte*. The respondent's due process rights are not violated because he can later challenge any discovery request by moving to quash pursuant to Federal Rule of Civil Procedure 45[(d)](3)."). *See also In re Letters Rogatory from Tokyo Dist., Tokyo, Japan*, 539 F.2d 1216, 1219 (9th Cir. 1976) ("Letters Rogatory are customarily received and appropriate action taken with respect thereto ex parte. The witnesses can and have raised objections and exercised their due process rights by motions to quash the subpoenas."); *In re Letter of Request from Supreme Ct. of Hong Kong*, 138 F.R.D. 27, 32 n.6 (S.D.N.Y. 1991); *In re Application of Masters for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in a Foreign Proceeding*, 315 F. Supp. 3d 269, 272 (D.D.C. 2018); *In re Anglin*, No. 7:09cv5011, 2009 WL 4739481, at *1-2 (D. Neb. Dec. 4, 2009). Note, even though these applications are generally filed *ex parte*, they do not need to be filed under seal. *See, e.g.* Order denying Motion to Seal U.S.'s Application for *Ex Parte* Order Appointing Commissioner Pursuant to 28 U.S.C. § 1782, *In re Mutual Assistance of Local Court of Wetzlar, Germany*, 1:17-mc-00078-SKO, 2018 WL 306678, at *3 (E.D. Cal. Jan. 5, 2018).

**DISTRICT COURT OF HORDALAND, NORWAY**

The U.S. Department of Justice ("DOJ") has received a request for international judicial assistance the Hordaland District Court, Hordaland, Norway ("Norwegian Court"). Specifically, the Court has issued a request seeking judicial assistance to obtain a DNA sample for use in the case captioned *Anna Romer Ormhaug, et. al.  v. Artin Sinanaj*, Foreign Reference Number 25-050885/TVI-THOD/TBER. *See* Declaration of Assistant United States Attorney Kamika S. Shaw ("Shaw Decl."), Exhibit A.

The request indicates that the matter in question is a civil proceeding in which the Norwegian Court is adjudicating the paternity of the child identified in the court documents. *See id*.  The Hordaland District Court requests the judicial examination of Artin Sinanaj and the collection of a DNA sample. Specifically, The Norwegian Court has requested that the identification form (labeled "Samples for DNA analysis in paternity case")provided by the Norwegian laboratory be completed and that the following evidence be procured from Artin Sinanaj: a DNA sample through a buccal swab; a copy of photo identification or passport; a photograph; and a fingerprint.  *See id.*

The Norwegian Court's request was transmitted to the U.S. Department of Justice, Civil Division, Office of Foreign Litigation, Office of International Judicial Assistance in Washington D.C. pursuant to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, Mar. 18, 1970, 23 U.S.T. 2555, 847 U.N.T.S. 12140 (hereinafter, "HCCH 1970 Evidence Convention").

The request was then transmitted to the U.S. Attorney's Office for the Southern District of New York for execution in accordance with 28 C.F.R. § 0.49(c). In order to execute these requests for international judicial assistance, authority must be obtained from this Court. 28

U.S.C. § 1782.

## II.   ATTEMPTS TO OBTAIN THE REQUESTED INFORMATION VOLUNTARILY

Personnel from this Office contacted Mr. Sinanaj by email on August 11, 2025 and by phone later that same week, requesting he voluntarily submit to the DNA test. Shaw Decl. ¶ 7. In response, Mr. Sinanaj replied via email on August 15, 2025 confirming receipt of the request. *Id*. On September 9, 2025, personnel from this Office sent Mr. Sinanaj a letter via Federal Express requesting a response by telephone or email by no later than September 30, 2025.  *Id*.  ¶ 8.  Mr. Sinanaj failed to respond to this letter.  *Id*.  Subsequently, Personnel from this office further telephoned Mr. Sinanaj on or about October 1, 2025 regarding the September 9, 2025 letter. *Id*. ¶ 9.  Personnel from this Office further spoke with Mr. Sinanaj by telephone on three occasions during the weeks of December 1, 2025, January 20, 2026, and February 9, 2026, respectfully, and requested that he voluntarily submit to the DNA collection. *Id*. ¶ 10.  In each call, Mr. Sinanaj represented that he would follow up with the office with an answer regarding his decision to voluntarily submit to DNA collection.  *Id* .  This Office made a final attempt to contact Mr. Sinanaj via email on June 23, 2026. June 30, 2026 and July 31, 2026.  *Id*. ¶ 11.  Mr. Sinanaj replied on June 23, 2026, June 30, 2026 and July 31, 2026—he would not commit to providing a voluntarily sample. *Id*.

## ARGUMENT

For the reasons set forth herein, the Court should grant the United States' application to appoint the undersigned as Commissioner, authorizing her to take the actions necessary, including the issuance of a subpoena, to secure evidence from Russell James Brandi for use in the paternity proceeding before the Norwegian Court.

Initially, it is appropriate for this Court to grant the United States' application *ex parte*. "[I]t is neither uncommon nor improper for district courts to grant applications made pursuant to § 1782 *ex parte*. The respondent's due process rights are not violated because he can later challenge any discovery request by moving to quash pursuant to Federal Rule of Civil Procedure 45[(d)](3)." *Gushlak v. Gushlak*, 486 F. App'x 215, 217 (2d Cir. 2012) (summary order) (collecting cases); *accord, e.g., In re Hornbeam Corp.*, 722 F. App'x 7, 10–11 (2d Cir. 2018) (summary order); *In re Application of BNP Paribas Jersey Tr. Corp. Ltd.*, No. 18 Misc. 47 (PAC), 2018 WL 895675, at *2 (S.D.N.Y. Feb. 14, 2018).

## I.    THE HCCH 1970 EVIDENCE CONVENTION

The HCCH 1970 Evidence Convention affords each signatory nation the use of the judicial process of other signatory nations, where such assistance is needed in civil or commercial matters, "to facilitate the transmission and execution of Letters of Request and to further the accommodation of the different methods which they use for this purpose." HCCH 1970 Evidence Convention pmbl. The HCCH 1970 Evidence Convention "prescribes certain procedures by which a judicial authority in one contracting state may request evidence located in another contracting state." *Société Nationale Industrielle Aérospatiale v. U.S. Dist. Court for the S. Dist. of Iowa*, 482 U.S. 522, 524 (1987). The HCCH 1970 Evidence Convention is in force in both the United States and Norway. Hague Conference on Private International Law, *Status Table for the Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters*, available at https://www.hcch.net/en/instruments/conventions/status-table/?cid=82 (last visited June 2, 2026) (The HCCH 1970 Evidence Convention entered into force in Norway on October 7, 1972).

Article 10 of the HCCH 1970 Evidence Convention provides that:

> In executing a Letter of Request the requested authority shall apply the appropriate measures of compulsion in the instances and to the same extent as are provided by its internal law for the execution of orders issued by the authorities of its own country or of requests made by parties in internal proceedings.

HCCH 1970 Evidence Convention, art. 10. Furthermore, Article 9 of the HCCH 1970 Evidence Convention provides, in pertinent part, that: "the judicial authority which executes a Letter of Request shall apply its own law as to the methods and procedures to be followed, and that a 'Letter of Request shall be executed expeditiously.'" *Id*. art. 9.

Under Article VI of the United States Constitution, treaties, such as the HCCH 1970 Evidence Convention, are the law of the land, on an equal footing with acts of Congress, and are binding on the courts. *See Bell v. Clark*, 437 F.2d 200, 203 (4th Cir. 1971). *See also Gandara v. Bennett*, 528 F.3d 823, 830 (11th Cir. 2008) (stating that self-executing treaties are "immediately and directly binding on state and federal courts pursuant to the Supremacy Clause") (Rodgers, J., concurring) (quoting *Medellin v. Texas*, 552 U.S. 491, 510 (2008)); *Bishop v. Reno*, 210 F.3d 1295, 1299 (11th Cir. 2000) (concluding that "an Act of Congress" is on "full parity with a treaty") (quoting *Reid v. Covert*, 354 U.S. 1, 18 (2000).

## II.     THE UNITED STATES' APPLICATION FULFILLS THE STATUTORY REQUIREMENTS OF 28 U.S.C. § 1782(a)

The authority for this Court to assist foreign tribunals in obtaining documents is contained in 28 U.S.C. § 1782. This section states:

> Assistance to foreign and international tribunals and to litigants before such tribunals
>
> (a) The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the

application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement. The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

28 U.S.C. § 1782(a). *See also Aerospatiale*, 482 U.S. at 529 (providing a brief history of the HCCH 1970 Evidence Convention). Section 1782 "is the product of congressional efforts, over the span of nearly 150 years, to provide federal-court assistance in gathering evidence for use in foreign tribunals." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 247 (2004). By this law, Congress intended that the United States set an example to other nations by making judicial assistance generously available. *See, e.g., In re Request for Assistance from Ministry of Legal Affairs of Trin. & Tobago*, 848 F.2d 1151, 1153-54 (11th Cir. 1988) (discussing several historical instances in which Congress has broadened § 1782, each time increasing the statute's ability to provide international judicial assistance), *abrogated on other grounds by Intel Corp.*, 542 U.S. 241. District courts have repeatedly appointed Department of Justice Attorneys to act as commissioners pursuant to this provision for the purpose of rendering judicial assistance to foreign courts is response to an international request. *See, e.g., In re Letter Rogatory from the Nedenes District Court, Norway*, 2016 F.R.D. 277 (S.D.N.Y. 2003); *In re Letter of Request from the District of Rhein-Necker-Kreis, Amtsgericht Sinsheim, Germany; Matter of Curtiss Joseph Hika*, No. 10-60445-MC, 2010 WL 1655823 (S.D. Fla. Apr. 23, 2010); *In re Patricio Clerici,* 481 F.3d 1324, 1327 (11th Cir. 2007).

This Court is authorized to provide assistance to the Norwegian Court if the three requirements set forth in § 1782 are met. Those requirements are: "(1) the person from whom discovery is sought resides or is found in the district of the district court to which the application is made; (2) the discovery is for use in a proceeding before a foreign tribunal; and (3) the application is made by a foreign or international tribunal or 'any interested person.'" *In re Request for Judicial Assistance from the Dist. Court in Svitavy, Czech*, 748 F. Supp. 2d 522, 525 (E.D. Va. 2010) [hereinafter *In re Svitavy*] (quoting *In re Microsoft Corp.*, 428 F. Supp. 2d 188, 192 (S.D.N.Y. 2006)). *See also S.* Rep. No. 88-1580 at 2 (1964), *reprinted in* 1964 U.S.C.C.A.N. 3783 (providing Congress' general statement regarding the purpose behind the statute); *Intel*, 542 U.S. at 248-49 (providing a brief history of Section 1782 and federal court aid to foreign tribunals).

Here, each of these threshold statutory requirements is easily met. First, Artin Sinanaj "resides or is found in" the Southern District of New York because the Norwegian Court's request indicates that Mr. Sinanaj resides in Tuckahoe, New York. *See* Shaw Decl., Ex. A at 1. Further, Mr. Sinanaj confirmed the address provided by the Norwegian court in a letter to DOJ dated July 25, 2025, and this Office confirmed Mr. Sinanaj resides in Tuckahoe, New York by sending a letter to Mr. Sinanaj at that address. *See* Shaw Decl., Ex. A at 8; ¶ 8. Second, the request explains that the DNA sample and other information sought is "for use in a proceeding before a foreign tribunal," *Schmitz*, 376 F.3d at 83— i.e., a paternity suit before the Norwegian Court. *See* Shaw Decl., Ex. A. Third, the request itself also reflects that it "is made by a foreign or international tribunal." 8 U.S.C. § 1782(a); *Schmitz*, 376 F.3d at 83; *see* Shaw Decl., Ex. A. Thus, all of the statutory requirements for honoring the request for judicial assistance are satisfied.

### III.   DISCRETIONARY CONSIDERATIONS WEIGH IN FAVOR OF GRANTING THE UNITED STATES' APPLICATION

"Once [the] statutory requirements are met, a district court may grant discovery under § 1782 in its discretion." *Mees v. Buiter*, 793 F.3d 291, 297 (2d Cir. 2015) (citing *Schmitz*, 376 F.3d at 83–84); *see Intel Corp.*, 542 U.S. at 264 ("[A] district court is not required to grant a § 1782(a) discovery application simply because it has the authority to do so."). The Second Circuit has instructed that a district court's discretion in this regard should be "exercised in light of the twin aims of the statute: providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts." *Mees*, 793 F.3d at 297–98 (internal quotation marks omitted).

The Supreme Court has set forth certain discretionary factors for a district court to consider before granting a request for judicial assistance:

> (1) whether the person from whom discovery is sought is a participant in the foreign proceeding; (2) the nature of the foreign tribunal, the character of the foreign proceedings, and the receptivity of the foreign entity to judicial assistance; (3) whether the request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and (4) whether the requested information is unduly intrusive or burdensome.

*In re Svitavy*, 748 F. Supp. 2d at 525 (citing *Intel Corp.*, 542 U.S. at 264). "In exercising its discretion under § 1782, the district court should be guided by the statute's twin aims of providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts.'" *Al Fayed*, 210 F.3d at 424 (quoting *In re Malev Hungarian Airlines*, 964 F.2d 97, 100 (2d Cir. 1992)). *See also United States v. Morris (In re Letter of Request from Amtsgericht Ingolstadt, Fed. Republic of Ger.)*, 82 F.3d 590, 592 (4th Cir. 1996) ("Plainly, the . . . statute envision[s] considerable cooperation with foreign courts' requests for assistance and a general

practice of reciprocity."). Here again, each of these discretionary factors weighs in favor of assisting the Norwegian Court.

With respect to the first factor, "although this factor was originally expressed as a 'participant' versus 'nonparticipant' analysis under the facts presented in *Intel*, the true question at hand is whether the requested discovery is available to the foreign tribunal without the assistance of this Court." *In re Svitavy*, 748 F. Supp. 2d at 526. *See also Intel*, 542 U.S. at 264 ("[N]onparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid."). In other words, it is of no matter that Artin Sinanaj is a party to the proceedings before the Norwegian Court; his residence in the United States counsels in favor of assisting the Norwegian Court with obtaining the requested evidence as he is not subject to the Norwegian Court's jurisdiction. Thus the first factor weighs in favor of granting the motion.

Second, there is nothing in the request to suggest that this Court should decline to grant the Application based on the nature of the Norwegian Court or the character of the proceedings. Additionally, this request was initiated by the Norwegian Court and not by an independent party; therefore, the Norwegian Court is clearly receptive to the assistance of this Court and the second factor weighs in favor of granting the motion. *See In re Svitavy*, 748 F. Supp. 2d at 527 (Granting a 1782 application in response to a request for a DNA sample sent from a Czech Court). *See also In re Amtsgericht Ingolstadt*, 82 F.3d at 591 (affirming the district court's order directing the putative father to provide a blood sample for use in a paternity suit pending in Germany).

With respect to the third factor, because the requester is the Norwegian Court, there is sufficient assurance that the request for judicial assistance is not an attempt to circumvent Norwegian discovery rules or to thwart policies of either the United States or Norway. *See In re*

*Svitavy*, 748 F. Supp. 2d at 529 ("[T]he fact that the request was initiated by the Svitavy Court itself, rather than a private litigant, provides sufficient assurance that the request does not attempt to circumvent Czech discovery rules or Czech policy."). Therefore, the third *Intel* factor weighs in favor of granting the Norwegian Court's request for judicial assistance.

And with respect to the fourth factor, the submission to a buccal swab and providing other supporting information would not be unduly intrusive or burdensome. "This is a simple request for the production of evidence that is routinely provided in support of paternity actions abroad . . . ." *Id*. In fact, "provid[ing] a DNA sample by buccal swab is a method substantially less invasive than the oft-approved production of a blood sample." *Id*. Accordingly, courts across the United States have consistently granted foreign judicial requests for blood samples or buccal swabs in paternity cases like the one here. *See, e.g., In re Letter of Request from Local Court of Pforzheim*, 130 F.R.D. 363, 366 (W.D. Mich. 1989) ("[T]he requirement of providing a blood sample in a paternity action is a routine one."); s*ee also In re Amtsgericht Ingolstadt*, 82 F.3d 590; *In re Nedenes*, 216 F.R.D. 277; *In re Letter of Request from Boras District Court*, 153 F.R.D. 31 (E.D.N.Y. 1994); *In re Letter Rogatory from Local Court of Ludwigsburg*, 154 F.R.D. 196 (N.D. Ill. 1994).

In summary, consideration of the four discretionary factors set forth by the Supreme Court in *Intel* favors authorizing judicial assistance to the Norwegian Court.

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that this Court grant its Application for an Order pursuant to 28 U.S.C. § 1782(a): (1) appointing Kamika S. Shaw, Assistant United States Attorney, Commissioner and authorizing her to take the actions necessary, including the issuance of a subpoena, to secure evidence from Artin Sinanaj for use in

a paternity proceeding before the Hordaland District Court, Hordaland, Norway; (2) authorizing the U.S. Marshals Service as the entity responsible for serving Artin Sinanaj; and (3) authorizing the U.S. Marshals Service as the entity responsible for obtaining the DNA sample and other identification requirements from Artin Sinanaj.

Dated: New York, New York
        August 5, 2026

                                  Respectfully submitted,

                                  JAMES M. MCDONALD
                                  United States Attorney

By:    /s/ *KAMIKA S. SHAW*
        KAMIKA S. SHAW
        Assistant United States Attorney
        Southern District of New York
        86 Chambers Street, Third Floor
        New York, New York 10007
        Tel.: (212) 637-2768

**Certificate of Compliance**

Pursuant to Local Civil Rule 7.1(c), the above-named counsel hereby certifies that this memorandum complies with the word-count limitation of this Court's Local Civil Rules. As measured by the word processing system used to prepare it, this memorandum contains 3,296 words.